UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BUBBA JONATHAN WHITMAN** | **CASE NO. 2:25-CV-01577** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **TONY LAMBRIGHT ET AL** | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM ORDER

Before the court are a Motion for Temporary Restraining Order ("TRO") and Motion for Preliminary Injunction [doc. 9] filed by pro se plaintiff Bubba John Whitman. The motions relate to his complaint filed against several Vernon Parish officials under 42 U.S.C. § 1983, in which he maintains that the enforcement of an allegedly void child support order against him constitutes a violation of the Fourth and Fourteenth Amendments to the United States Constitution. Doc. 1.

To be entitled to a preliminary injunction, applicants must show "1) a substantial likelihood that they will prevail on the merits, (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted, (3) their substantial injury outweighs the threatened harm to the party whom they seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *City of El Cenizo, Tex. v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018) (internal quotations omitted). TROs and preliminary injunctions are considered under the same standard. *E.g.*, *Thompson v. Penny*, 2025 WL 1783842, at *3 n. 27 (E.D. La. June 27, 2025).

Plaintiff complains of the enforcement of a 2014 Tennessee child support order against him by Louisiana officials, alleging that the order was not properly served with an opportunity to contest and that it was issued against John R. Whitman, when plaintiff's legal name is Bubba John Whitman. Docs. 1, 9. As he notes, a Florida court acknowledged defects in the Tennessee order in 2022 and vacated its registration in Florida. *See* doc. 6, att. 12. According to plaintiff, after his relocation judges of the 30th Judicial District Court in Vernon Parish disagreed with the Florida court and confirmed the order's registration in Louisiana even when confronted with the same challenges. Doc. 1, ¶¶ 20–27. This judgment was entered in November 2023 and is presumably final, with appeal deadlines having lapsed or an unsuccessful appeal giving rise to this suit. *Id.*

Plaintiff's challenge invokes the *Rooker-Feldman* doctrine, which divests federal courts of jurisdiction "to entertain collateral attacks on state court judgments." *Kam v. Dall Cnty.*, 756 F. App'x 455, 455 (5th Cir. 2019) (quoting *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)). The doctrine applies when "the losing party in a state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Miller v. Dunn*, 35 F.4th 1007, 1010 (5th Cir. 2022) (cleaned up). The doctrine "does not preclude federal jurisdiction over an independent claim, even one that denies a legal conclusion that a state court has reached . . . [and] generally applies only where a plaintiff seeks relief that directly attacks the validity of an existing state court judgment." *Weaver v. Tex. Capital Bk., N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (internal quotations omitted).

Plaintiff's claims directly challenge the legal conclusions reached by the state court and seek relief that would effectively void that court's judgments. "The federalism interests underlying the *Rooker-Feldman* doctrine particularly apply to domestic issues like child custody and child support." *Johnson v. MDHS*, 2020 WL 5415491, at *1 (S.D. Miss. Apr. 14, 2020) (citing *Rykers v. Alford*, 832 F.2d 895, 900 (5th Cir. 1987)). Federal courts have consistently used *Rooker-Feldman* to avoid exercising jurisdiction over cases inviting review of such judgments. *See Roland v. Texas*, 2022 WL 1192781, at *7 (E.D. Tex. Jan. 26, 2022) (collecting cases). Plaintiff's claims, as currently presented, are subject to dismissal on this basis. He therefore cannot show a likelihood of success on the merits, as required for a temporary restraining order or preliminary injunction. Accordingly,

**IT IS ORDERED** that the Motion for Temporary Restraining Order and Motion for Preliminary Injunction [doc. 9] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 24th day of October, 2025.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**