UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BUBBA JONATHAN WHITMAN** | **CASE NO. 2:25-CV-01577** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **TONY LAMBRIGHT ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court is a second Motion for Preliminary Injunction and Motion for Temporary Restraining Order [doc. 12] filed by pro se plaintiff Bubba Jonathan Whitman, following the amendment of his complaint. *See* doc. 11. Plaintiff raises claims against several Vernon Parish officials under 42 U.S.C. § 1983 and the Declaratory Judgment Act, alleging that his constitutional rights were violated when the district court for that parish registered and other officials enforced a Tennessee child support order that plaintiff maintains is invalid. *Id.*

To be entitled to a preliminary injunction, applicants must show "1) a substantial likelihood that they will prevail on the merits, (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted, (3) their substantial injury outweighs the threatened harm to the party whom they seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *City of El Cenizo, Tex. v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018) (internal quotations omitted). TROs and preliminary injunctions are considered under the same standard. *E.g.*, *Thompson v. Penny*, 2025 WL 1783842, at *3 n. 27 (E.D. La. June 27, 2025).

In denying plaintiff's prior request for injunctive relief, the court noted that the complained-of Louisiana state court ruling from 2023 was presumably final with appeal deadlines either having lapsed or any appeal being denied. *Whitman v. Lambright*, 2025 WL 2997511, at *1 (W.D. La. Oct. 24, 2025). Plaintiff's direct and indirect challenges to that ruling thus implicated the *Rooker-Feldman* doctrine, which divests federal district courts of jurisdiction "to entertain collateral attacks on state court judgments." *Kam v. Dallas Cnty.*, 756 F. App'x 455, 455 (5th Cir. 2019) (quoting *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)); *see also Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 281 (2005) (*Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments.") Further noting that *Rooker-Feldman* was frequently used by federal courts to avoid review of state court family law matters, the undersigned denied plaintiff's motions because he could not show a likelihood of success on the merits. *Whitman*, 2025 WL 2997511 at *1–*2 (citing *Roland v. Texas*, 2022 WL 1192781, at *7 (E.D. Tex. Jan. 26, 2022)).

Plaintiff now attempts to plead around *Rooker-Feldman*, arguing that he is not seeking review of a state court judgment but attempting "to halt ongoing constitutional violations by state officials[.]" Doc. 11, ¶ 14. He also asserts, in reliance on *Miller v. Dunn*, 35 F.4th 1007 (5th Cir. 2022), that *Rooker-Feldman* does not apply "to the extent registration/enforcement and related collateral issues remain active[.]" *Id.* But *Miller* holds only that *Rooker-Feldman* does not apply when the appeal is still pending. 35 F.4th at

1012–13. Additionally, all of plaintiff's claims stem from the fact that he believes the state court erred in registering the child support order—a matter for state court review. *Accord Collins v. Garcia*, 2020 WL 4296376, at *6 (N.D. Tex. May 12, 2020) ("Even though Plaintiff attempts to classify his claims as seeking relief from civil rights violations, the sole cause of his alleged injury is the adverse judgment itself.")

Finally, plaintiff alleges that he did not appeal the state district court's order because he was denied IFP status. Doc. 11, ¶ 18. To the extent that plaintiff would raise this as a separate claim, he also fails to show a likelihood of success on the merits.[1] Accordingly, there is still no basis for granting the requested injunctive relief and the Motions [doc. 12] are hereby **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 29th day of October, 2025.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**

---

[1] Although plaintiff has received IFP status in this matter, based on a claim of no income, he does not attach any documents showing what was presented to the state courts or what his income and assets were at the time of those applications.