**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

BUBBA JONATHAN WHITMAN                 CASE NO.  2:25-CV-01577

VERSUS                                 JUDGE JAMES D. CAIN, JR.

TONY LAMBRIGHT ET AL                   MAGISTRATE JUDGE LEBLANC

## MEMORANDUM ORDER

Before the court is a Motion to File Confidential Exhibits Under Seal (the "Motion to Seal") [doc. 6] filed by plaintiff Bubba Jonathan Whitman ("Whitman").  The motion seeks to file under seal exhibits containing certain personal and confidential information, including birth certificate(s), social security card(s), medical records, personal photographs and correspondence, financial and property records, documents containing home address and contact information, and a child support petition and order.  Doc. 6, pp. 1–2. For the reasons that follow, the Motion to Seal is **GRANTED** subject to the court's right to revisit the issue after initial review of this matter under 28 U.S.C. § 1915.  Accordingly, the Clerk is directed to file under seal the exhibits to the Motion to Seal [doc. 6, atts. 2 – 13, inclusive].

### DISCUSSION

The public enjoys presumptive access to documents filed on the Court's docket. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021).  The Court has a "solemn duty to promote judicial transparency" by undertaking "a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id*. at 419–20 (internal quotation marks and additional citations omitted).  The

1

United States Fifth Circuit Court of Appeals recently summarized the law respecting sealing court records in this circuit:

> The public has a common law right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978). "Judicial records are public records." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). Public access serves important interests in transparency and the "trustworthiness of the judicial process." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir. 2019)). Sealing judicial records is therefore "heavily disfavor[ed]." *Id.*

> This right of access, however, is "not absolute." *Nixon*, 435 U.S. at 598. "Every court has supervisory power over its own records and files," *id.*, and, when appropriate, courts may order that case documents be filed under seal, Fed. R. Civ. P. 5.2(d). To determine whether a judicial record should be sealed, the court "must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Le*, 990 F.3d at 419 (internal quotations omitted). Because of the court's duty to protect the public's right of access, the district court must balance these interests even if the parties agree to seal records. *See, e.g., BP Expl. & Prod.*, 920 F.3d at 211–12 ("[P]rivate litigants should not be able to contract [the public right of access] away.... [I]t is for judges, not litigants, to decide whether the justification for sealing overcomes the right of access."). Sealing documents should be the exception, not the rule. *Le*, 990 F.3d at 418.

*Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at **2–3 (5th Cir. Mar. 7, 2024)(footnotes omitted).

Notwithstanding the presumption of openness, plaintiff here has attached exhibits that include sensitive personal information and warrant sealing at this time, including birth certificates for himself and his child, social security cards, and financial and medical documentation. *See Equal Emp't Opportunity Comm'n v. Halliburton Energy Servs.,* No. 316-233, 2018 WL 3061973, at *1 (S.D. Miss. May 17, 2018) (noting that "sensitive medical information" is "a clear and compelling reason to seal documents"); *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-1202, 2017 WL 434207, at *3 (E.D. Tex. Feb. 1, 2017) (sealing private, sensitive financial information); *Williams v. Luminator Holdings, LP*, No. 12-2975, 2012 WL 5878370, at *2 (N.D.

Tex. Nov. 21, 2012) ("The need to protect sensitive personal and medical information is among those that courts have found to justify nondisclosure."). Accordingly, the Court finds that the exhibits should be sealed at this time pending initial review of the Complaint under 28 U.S.C. § 1915. *See Ali v. Gensler*, No. CV 23-6692, 2024 WL 489547, at *1 (E.D. La. Feb. 8, 2024) (noting that documents attached to pro se complaint "contained sensitive personal, financial, and medical information" warranting sealing while matter was under initial review, but that complaint itself would not be sealed).

**SO ORDERED** at Lake Charles, Louisiana, this 29th day of June, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**